1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA, and
     CHUNG NGO, Revenue Officer,
11   Internal Revenue Service,

12                Petitioners,                 No. 2:10-mc-00064 GEB KJN

13            v.

14   DAVID W. BLACK,

15                Respondent.                  ORDER

16   _____/

17            Presently before the court is petitioners' ex parte application to shorten time,

18   which requests that the court advance the date of the show-cause hearing on petitioners' verified

19   petition to enforce an Internal Revenue Service ("IRS") summons.  (Dkt. No. 4.)  The court's

20   previously entered order to show cause ("OSC") set a hearing date of August 12, 2010 (Dkt. No.

21   3), and petitioners seek to advance that hearing to take place on or before July 29, 2010.  For the

22   reasons that follow, the undersigned will deny petitioners' ex parte application to shorten time.

23            Petitioners seek to advance the OSC hearing date because "the IRS expects the

24   documents requested in the IRS summons to be needed for a Tax Court action around

25   September."  (Ex Parte Application at 1.)  It appears from petitioners' counsel's declaration that

26   "the IRS expects respondent to file a petition in the United States Tax Court" at some

                                            1

2:10-mc-00064-GEB-KJN   Document 5   Filed 07/06/10   Page 2 of 4

1   unspecified time, and that the IRS might need to file an answer in such an action "between early

2   September and early October."  (See Himel Decl. ¶ 2.)  Petitioners' counsel declares that the

3   August 12, 2010 hearing date would not allow enough time for petitioners to: (1) obtain an order

4   enforcing the IRS summons, assuming a result favorable to petitioners; (2) schedule a

5   compliance appointment with respondent; and (3) prepare an answer or formulate a position as to

6   the potential Tax Court petition with the aid of the documents responsive to the IRS summons.

7   (See id. ¶¶ 4, 10.)  Accordingly, petitioners seek to advance the OSC hearing date by two weeks

8   so that they might, assuming a result favorable to them, obtain documents more expeditiously.

9            The undersigned concludes that petitioners' application to shorten time should be

10   denied for several reasons.  First, as a procedural matter, petitioners' ex parte application does

11   not comply with the court's Local Rules.  Specifically, Local Rule 144(e) provides: "Ex parte

12   applications to shorten time will not be granted except upon affidavit of counsel showing a

13   satisfactory explanation for the need for the issuance of such an order *and for the failure of*

14   *counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in*

15   *the action*" (second emphasis added).  The declaration of petitioners' counsel does not contain an

16   explanation, let alone a "satisfactory explanation," for counsel's failure to obtain a stipulation

17   from respondent regarding advancement of the hearing date on the OSC.  The undersigned

18   cannot ascertain from the application and declaration whether petitioners even attempted to

19   obtain a stipulation from respondent.  For this reason alone, petitioners' ex parte application

20   should be denied.[1]

21            Second, and notwithstanding any procedural deficiency, the undersigned will deny

22   the ex parte application because petitioners appear to be seeking relief from a problem or

23   _____

24        [1]  In addition, the court's docket reflects that petitioners filed their ex parte application on
      July 2, 2010.  Petitioners' counsel's declaration does not explain why petitioners waited until
25   July 2, 2010 to file their ex parte application despite the fact that the OSC was docketed June 21,
      2010, and the need to advance the hearing date appears to have been known to petitioners at the
26   time the OSC was entered.

1   circumstance that does not yet exist.  Petitioners' ex parte application is premised on the IRS's

2   "expectation" that respondent will file a petition in the United States Tax Court, which might

3   require the IRS to file an answer in that proceeding "between early September and October."

4   (Himel Decl. ¶ 2.)  Petitioners predicate their need for ex parte relief on what respondent *might*

5   *do* in the future, not a set of circumstances that presently exists.  Petitioners have not submitted a

6   copy of petition filed in the Tax Court, or citations to legal authorities prescribing when the IRS

7   would be required to answer such a petition, if one is ever filed.  Simply put, the undersigned will

8   not grant ex parte relief and advance the OSC hearing based on a hypothetical set of facts.

9         Third, petitioners' potential timing problem is largely a problem of their own

10  making in that the court adopted service and briefing requirements proposed by petitioners.  In

11  connection with their petition, petitioners requested that the court issue an order to show cause

12  with a hearing date of July 29, 2010.  (Verified Petition at 1, Dkt. No. 2.)  However, petitioners

13  also requested that they be permitted 21 days from the date of the order to show cause, if one

14  issued, to serve respondent with the order, the Verified Petition, and related documents.  (Id. at

15  2:7-12.)  In addition, petitioners requested that respondent be obligated to file a written

16  opposition to the Verified Petition, if any, at least ten days prior to the hearing on the proposed

17  order to show cause.  (Id. at 3:1-3.)  Assuming that the court set a show cause hearing date of

18  July 29, 2010, issued an order to show cause dated June 18, 2010,[2] and adopted petitioners'

19  proposed briefing schedule, and assuming that petitioners served respondent on the twenty-first

20  day, respondent would have been served on Friday, July 9, 2010, and would have to file a written

21  opposition no later than Thursday, July 15, 2010.  This would have afforded respondent, who

22  might need or want to retain counsel, seven calendar days, at most, to prepare an opposition.

23  Given this constricted window within which plaintiff would be obligated to prepare a written

24

25         [2] Petitioners filed their Verified Petition and request for an order to show cause on June
    17, 2010.  The undersigned signed the OSC on Friday, June 18, 2010, and the OSC was docketed
26  the following Monday, June 21, 2010.

3

1   opposition, the undersigned set the OSC hearing for August, 12, 2010.  (OSC at 1.)  The

2   undersigned also required that respondent file a written opposition, if any, at least 14 days prior

3   to the hearing.  (Id. at 3:5-8.)  Taken together, and assuming that petitioners use all of the time

4   permitted to serve respondent, this briefing schedule grants respondent at least 20 days to prepare

5   and file an opposition to the Verified Petition.  The undersigned adopted much of petitioners'

6   proposed service and briefing requirements, but set a more reasonable hearing date than that

7   which was requested.

8          Finally, the undersigned also notes that petitioners' application, the accompanying

9   affidavit, and the court's docket do not reflect that petitioners have acted with haste to effectuate

10  service of the OSC and related documents prior to filing their ex parte application or prior to

11  expiration of the 21-day service period prescribed in the OSC.[3]  (OSC at 2:7-12.)  This suggests

12  that petitioners are not confronted with an imminent timing problem insofar as respondent's

13  potential filing in the Tax Court is concerned.  One might expect petitioners to effectuate service

14  as soon as possible in order to mitigate any potential prejudice that respondent might face with

15  respect to preparation of an opposition to the petition on shortened time.

16         For the foregoing reasons, IT IS HEREBY ORDERED that petitioners'

17  application to shorten time is denied.[4]

18  DATED:  July 6, 2010

19

20  _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE
21

22  _____

        [3]  The undersigned also notes that petitioners' filing and the court's docket do not reflect
23  that petitioners served their ex parte application on respondent.

        [4]  Petitioners' counsel indicates in his declaration that petitioners may also seek to shorten
24  other time periods, including the 14-day period that the parties would have file to objections to
    any proposed findings and recommendations that might be entered following the OSC hearing.
25  (Himel Decl. ¶11.)  Although the undersigned will not pre-judge such a request, petitioners are
    cautioned that the undersigned is disinclined to depart from an objection period that is provided
26  for by federal statute and Local Rule.  See 28 U.S.C. § 636(b)(1); Local Rule 304(b).

4